# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-270V
May 20, 2014
Not to be Published

*****************************************
| | |
|---|---|
| CEDRIC CARLOS LOPEZ, a minor, by   * | |
| his Parents and Natural Guardians,   * | |
| CARLOS LOPEZ and SYLVIA MEDINA,   * | |
|                                              * | |
|     Petitioners,                       * | Three-month onset of transverse myelitis |
|                                              * | after Tdap, Menactra, and Varicella vaccines |
|   v.                                       * | is too long; petitioners move to dismiss |
|                                              * | |
| SECRETARY OF HEALTH             * | |
| AND HUMAN SERVICES,              * | |
|                                              * | |
|     Respondent.                        * | |

*****************************************

<u>John R. Howie, Jr.</u>, Dallas, TX, for petitioners.
<u>Glenn A. MacLeod</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On April 8, 2014, petitioners filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2006), alleging that tetanus-diphtheria-acellular pertussis

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

("Tdap"), Menactra, and Varicella vaccines administered on April 8, 2011 to their son Cedric Carlos Lopez ("Cedric") caused him to suffer from transverse myelitis ("TM").  Pet. ¶ 9.

The medical records show that Cedric had an acute onset of TM on July 12, 2011, or three months after his vaccinations.  Med. recs. Ex. 1, at 1.  The undersigned has never held that a vaccination can cause a demyelinating injury, such as TM, more than two months after vaccination.  See Corder v. Sec'y of HHS, No. 08-228V, 2011 WL 2469736 (Fed. Cl. Spec. Mstr. May 31, 2011) (flu vaccine did not cause petitioner's GBS four months later).  Following the Corder decision, the undersigned has similarly ruled in other cases: Barker v. Sec'y of HHS, No. 13-818V, 2014 WL 1724848, at *3 (Fed. Cl. Spec. Mstr. Apr. 11, 2014) (almost five-month onset of alleged GBS after FluMist); Fockler v. Sec'y of HHS, No. 13-237V, 2014 WL 1569192, at *1 (Fed. Cl. Spec. Mstr. Mar. 31, 2014) (three-month onset of TM after hepatitis B vaccine); Jackson v. Sec'y of HHS, No. 13-630V, 2014 WL 1266819, at *1 (Fed. Cl. Spec. Mstr. Mar. 6, 2014) (five and one-half month onset of GBS after flu vaccine); Thomas v. Sec'y of HHS, No. 13-827V, 2014 WL 1267051, at *1 (Fed. Cl. Spec. Mstr. Mar. 6, 2014) (almost three-month onset of TM after flu vaccine); and Hayman v. Sec'y of HHS, No. 11-667V, 2012 WL 4356235, at *2 (Fed. Cl. Spec. Mstr. Aug. 31, 2012) (four-month onset of GBS after alleged flu vaccine).

On May 20, 2014, during the first telephonic status conference in this case, petitioners' counsel stated he filed the petition when the statute of limitations was about to run based on the parents' recollection that the onset of Cedric's TM was closer in time to his vaccinations.  Petitioners' counsel stated he was familiar with the undersigned's Corder and Fockler decisions and had explained to his clients that they would not be able to prove causation in this case.  He said he had their permission to move to dismiss and did so orally.

The undersigned **GRANTS** petitioners' motion to dismiss and **DISMISSES** this case.

## FACTS

Cedric was born on July 3, 1999.

On April 8, 2011, he received Tdap, Menactra, and Varicella vaccines.  Med. recs. Ex. 1, at 14.

On July 12, 2011, Cedric was admitted to Children's Hospital of Orange County with a sudden onset of bilateral upper and lower extremity weakness.  Id. at 1.  He had a presumed diagnosis of TM.  Id.  An MRI showed abnormalities in the region of the C4-T1 sections of Cedric's spinal cord.  Id.  He was unable to void in the hospital.  Id.

## DISCUSSION

To satisfy their burden of proving causation in fact, petitioners must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury;

2

(2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

Althen, 418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation."  Grant, 956 F.2d at 1149.  Mere temporal association is not sufficient to prove causation in fact.  Id. at 1148.

Although petitioners allege Cedric's vaccinations caused his TM three months later, the medical records do not support their allegation, and petitioners have not filed an expert medical report in support of their allegation.  The Vaccine Act does not permit the undersigned to rule for petitioners based on their claims alone, "unsubstantiated by medical records or by medical opinion."  42 U.S.C. § 300aa-13(a)(1) (2006).

Petitioners have not satisfied the first prong of Althen in that they have not presented through a medical expert a credible medical theory explaining how Tdap, Menactra, and/or Varicella vaccines could cause TM.  Petitioners have not satisfied the second prong of Althen that there is a logical sequence of cause and effect showing that these vaccines did cause Cedric's TM.  Petitioners have not satisfied the third prong of Althen that three months is a medically appropriate time interval to show causation of TM from any or all of these vaccines.  Thus, petitioners have not made a prima facie case of causation.

The undersigned grants petitioners' motion to dismiss.  This case is **DISMISSED**.

## CONCLUSION

This petition is **DISMISSED**.  In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>May 20, 2014</u>                                                                          <u>   s/Laura D. Millman   </u>
DATE                                                                                          Laura D. Millman
                                                                                                    Special Master